**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GLENDORIA COLSON,**

      Plaintiff,                                      Case No. 17-cv-11387

      v.                                             District Judge David M. Lawson

**WILMINGTON SAVINGS**                    Magistrate Judge Mona K. Majzoub
**FUND SOCIETY, and**
**RUSHMORE LOAN**
**MANAGEMENT,**

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Glendoria Colson filed the instant *pro se* Complaint seeking various forms of relief in connection with the June 2016 foreclosure on her home in Detroit, Michigan. (Docket no. 1.) This matter is before the Court on Defendants' Motion to Dismiss (docket no. 6), Plaintiff's Motion for Leave to File First Amended Complaint (docket no. 10), and Plaintiff's Ex Parte Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order (docket no. 15). The Motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 5.) The Court has reviewed the pleadings and determined that the Motions will be resolved without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). (Docket no. 19.)

**I.      RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendants' Motion to Dismiss (docket no. 6) be **GRANTED IN PART** and **DENIED IN PART**, with Counts II through VI being dismissed. Plaintiff's Motion for Leave to Amend (docket no. 10) should be

**GRANTED IN PART** and **DENIED IN PART**, with leave granted only with respect to the RESPA claim. Finally, Plaintiff's Motion for Preliminary Injunction (docket no. 15) should be **DENIED**.

## II. REPORT

This matter arises from Defendants' foreclosure on a mortgage of Plaintiff's home. Plaintiff asserts that Defendants violated Michigan law by foreclosing on her property without a valid interest in the mortgage. In addition, Plaintiff contends that Defendants violated federal law by (1) failing to respond to Plaintiff's written requests for information concerning the mortgage, (2) failing to notify Plaintiff regarding changes in ownership of her mortgage, and (3) by employing false, deceptive, and/or misleading practices in an attempt to collect the debt underlying her mortgage.

As discussed more fully below, Plaintiff fails to state a valid claim that Defendants violated Michigan law. The statute upon which Plaintiff relies, Michigan Compiled Laws § 600.3204, requires only that "record chain of title" exist. This inquiry is limited to an examination of public records, which in this case establish a record chain of assignments to Defendant Wilmington. Accordingly, Plaintiff's allegations regarding the validity of the underlying assignment cannot support her claim that Defendants violated § 600.3204. Moreover, because Plaintiff's Motion for Preliminary Injunction depends upon her prevailing on the state-law claims, that motion should be denied.

With respect to Plaintiff's federal claims, Plaintiff fails to allege facts that would support her contention that Defendants are "debt collectors" for the purposes of the Fair Debt Collection Practices Act ("FDCPA"). Accordingly, Plaintiff's FDCPA claims should be dismissed. However, Plaintiff adequately pleads her claim that Defendants violated the Real Estate

Settlement Procedures Act ("RESPA") by failing to respond to her requests for information and by failing to notify Plaintiff of changes in ownership of her mortgage. Regarding the latter claim, Plaintiff should be permitted to amend her complaint in order to allege a violation arising from assignments that occurred in 2016, as opposed to the September 2013 assignment referenced in her original Complaint.

**A. Background**

On February 27, 2003, Plaintiff entered into a mortgage agreement (the "Mortgage") with non-party Citicorp Trust Bank, FSB ("Citicorp") concerning real property located at 17531 Pennington, in Detroit, Michigan (the "Property"). (Docket no. 20, ex. 1.) On the same date, Plaintiff executed a note in which she agreed to pay Citicorp $119,930.03, plus interest, in monthly installments. (*Id.*) The Mortgage contained a "power of sale" clause, providing Citicorp the right to sell the Property upon default by Plaintiff. (*Id.*) The Mortgage was recorded with the Wayne

County Register of Deeds on March 5, 2003, in Liber 37885, Page 241. On September 6, 2013, the Mortgage was assigned to Christiana Trust as trustee for Palisades Mortgage Loan Trust. (Docket no. 1, pp. 30-31.) October 22, 2013, Defendant Rushmore Loan Management Services, LLC ("Rushmore") notified Plaintiff of the assignment, and also informed Plaintiff that servicing of the Mortgage had been assigned from CitiMortgage (successor in interest to Citicorp) to Rushmore. (*Id.*) Through several additional assignments, the Mortgage came to be held by Defendant Wilmington Savings Fund Society, FSB, solely as Trustee for RPMLT 2014-1 Trust ("Wilmington"). (Docket no. 20, pp. 2-3.)

On the basis of an allegation that Plaintiff defaulted under the terms of the Mortgage, the Property was sold by Sheriff's sale on June 30, 2016. (*Id.* at 3.) Following expiration of the six-

month statutory "redemption period," Wilmington filed an action against Plaintiff in the 36th District Court in Wayne County, Michigan seeking possession of the Property (the "Eviction Proceedings"). (*Id.* at 3-4.) On January 18, 2017, the 36th District Court entered a Judgment of Possession. (*Id.* at 4.) Plaintiff appealed the Judgment to the Wayne County Circuit Court, which on August 1, 2017 affirmed the Judgment of the 36th District Court. (*Id.*)

On May 1, 2017, Plaintiff filed the present Complaint, alleging (1) that Rushmore violated the Real Estate Settlement Procedures Act ("RESPA") by failing to adequately respond to Plaintiff's Qualified Written Request letters ("QWR") and that both Defendants violated RESPA by failing to provide "new creditor disclosures" after the September 2013 assignment ("Count I"), (2) that Defendants violated Michigan Compiled Laws § 600.3204 because the assignment to Wilmington was defective ("Count II"), (3) that Rushmore violated the Fair Debt Collection Practices Act ("FDCPA") by "maintaining a foreclosure action in violation of Michigan foreclosure by advertisement provisions" ("Count III"), (4) that Defendants slandered the title of Plaintiff's property ("Count IV"), (5) that Plaintiff is entitled to quiet title under § 600.3204 ("Count V"), and (6) that copies of the Mortgage produced by Defendants are not admissible under the Federal Rules of Evidence ("Count VI"). (Docket no. 1.) On July 3, 2017, Defendants moved to dismiss all counts of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket no. 6.) On August 1, 2017, Plaintiff filed a motion seeking leave to file a First Amended Complaint (Docket no. 10.), and on August 29, 2017 Plaintiff filed an "Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order" under Rule 65 of the Federal Rules of Civil Procedure. (Docket no. 15.)

### B. Motion to Dismiss

#### 1. *Standard of Review*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

5

In addressing motions under Rule 12(b)(6), the Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

    2. *Analysis*

        a.   <u>State-Law Claims</u>

Plaintiff contends that Defendants foreclosed upon the Mortgage in violation of Michigan Compiled Laws § 600.3204. In particular, Plaintiff asserts that the assignment to Wilmington "is defective in light of the lack of chain of title showing assignments to each party claiming ownership of the mortgage." (Docket no. 1, p. 10.) In a similar vein, Plaintiff alleges that "the assignment was not effective to pass legal title to the putative assignee." (*Id.*) Defendants submit that Plaintiff fails to state a claim because "the redemption period [under Michigan law] has expired, there was no fraud or irregularity in the foreclosure proceeding, and Plaintiff has not demonstrated any prejudice resulting from the foreclosure sale." (Docket no. 6, pp. 6-11.) Upon review of the pleadings and applicable law, the Court determines that Plaintiff's state-law allegations fail to state a claim upon which relief may be granted.

The Michigan foreclosure-by-advertisement statute, § 600.3204, provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." Mich. Comp. Laws § 600.3204(3). Courts applying this provision have made clear that "record chain of title" means the chain of title available to the public through the register of deeds, and that the court should not "go beyond the statutory requirements to inspect each and every aspect of every contract or agreement" in the

6

history of the loan. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 100-03 (6th Cir. 2010). *See also Kassem v. Ocwen Loan Servicing, LLC, No. 14-11143*, 2015 WL 5559906, at *6-7 (E.D. Mich. Sept. 18, 2015) (citing *Livonia* and concluding that the plaintiffs' "assertions of a defective chain of title . . . do not state a claim upon which relief may be granted").

The statute additionally provides that a party cannot foreclose unless it is "the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." Mich. Comp. Laws § 600.3204(1)(d). The Michigan Supreme Court held that the record-holder of a mortgage has "an interest in the indebtedness" within the meaning of § 600.3204(1)(d). *Residential Funding Co. v. Saurman*, 805 N.W.2d 183, 184 (Mich. 2011). *See also Carmack v. Bank of New York Mellon*, 534 Fed.Appx. 508, 515 (6th Cir.2013) ("[T]he category of parties with an 'interest in the indebtedness' under § 600.3204(1)(d) 'include[s] mortgagees of record among the parties entitled to foreclose by advertisement[.]'")

As referenced above, Wilmington's ownership of the Mortgage is evidenced by five recorded assignments, which can be traced back to the original Mortgage holder, Citicorp. (Docket no. 20, Exs. 1-6.) Accordingly, the foreclosure at issue complied with § 600.3204(3) as well as § 600.3204(1)(d).

Even assuming that Defendants had violated § 600.3204 as Plaintiff alleges, Plaintiff would be required to establish prejudice (such as double liability) resulting from the violation. *Carmack*, 534 F. App'x at 513. *See also Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329 (2012) (plaintiffs attempting to establish prejudice "must show that they would have been in a better position to preserve their interest in the property absent defendant's

7

noncompliance with the statute"). In this regard, Plaintiff asserts that Rushmore sent two notices to Plaintiff in which entities not appearing in the record chain of title—U.S. Bank National Association and Athene/Credit Suisse—were listed as the "owner of the loan." (Docket no. 1, pp. 23, 24). However, because Plaintiff does not contend that any entity other than Wilmington claims ownership of the Mortgage, the alleged uncertainty regarding ownership fails to demonstrate prejudice. *Kassem*, 2015 WL 5559906, at *6.

Plaintiff's Complaint contains two additional counts based on Michigan law, slander of title (Count IV) and quiet title (Count V). However, all three state-law counts rely on the assertion that Defendants foreclosed on the Mortgage in violation of § 600.3204. (Docket no. 1, pp. 12-13.) Because Plaintiff fails to demonstrate "a plausible claim for relief" under § 600.3204, Counts IV and V should be dismissed as well.

In addition to the defenses addressed above, Defendants assert that the *Rooker-Feldman* doctrine bars Plaintiffs' state-law claims because those claims "were addressed by the 36th District Court and affirmed by the Wayne County Circuit Court on appeal in the August 1, 2017 Order." (Docket no. 20, p. 7.) Defendants raised this claim not in their Motion to Dismiss, but for the first time in response to Plaintiff's Motion for a Preliminary Injunction. On the basis of the present record, the Court is unable to determine "(1) whether the federal claims are 'inextricably intertwined' with the claims asserted in the prior state court proceeding, and (2) whether the federal claims allege a specific grievance that the law was improperly applied, for which the *Rooker-Feldman* doctrine would apply, as opposed to a general constitutional challenge to the state law applied in the state action." *See Hutcherson v. Lauderdale County*, 326 F.3d 747, 754 (6th Cir. 2003). Accordingly, the Court cannot on the present record find that Plaintiff's state-law claims are barred by *Rooker-Feldman*.

b. FDCPA

Plaintiff contends that "Rushmore's actions of maintaining a foreclosure action in violation of Michigan foreclosure by advertisement provisions (MCL 600.3208 and MCL 600.3204), constitute false, deceptive, and/or misleading practices in an attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e." (Docket no. 1, ¶ 39.) In addition, Plaintiff seeks leave to amend her Complaint to make the same claim against Wilmington. (Docket no. 18, p. 6.) Defendants contend that Plaintiff fails to properly allege that either Defendant is a "Debt Collector" for the purposes of the FDCPA. (Docket no. 6, p. 14.)

Under the FDCPA, A "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts . . . . The term does not include—
>
> ...
>
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; . . . [or] (iii) concerns a debt which was not in default at the time it was obtained by such person . . . .

15 U.S.C. § 1692a(6).

For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector, depending on the default status of the debt at the time it was acquired. *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012). The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the

9

default or alleged default occurred. *Id.* (citing *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106–8 (6th Cir.1996)).

Although Plaintiff alleges that Rushmore is a Debt Collector, and seeks leave to amend her Complaint to allege that Wilmington is a Debt Collector, the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff does not allege that the Mortgage was in default when Rushmore received the assignment of servicing rights, Plaintiff fails to state a proper FDCPA claim against Rushmore. Moreover, Plaintiff's motion for leave to amend does not allege that the Mortgage was in default when it was assigned to Wilmington. Accordingly, Plaintiff's proposed amended Complaint would fail to state a proper FDCPA claim against Wilmington.

c. RESPA

Plaintiff asserts that Rushmore violated RESPA by failing to respond properly to "[a] series of QWR starting from 2014 and ending in May of 2016, which was sent to Rushmore Loan Servicing regarding its rights to service the mortgage." In support, Plaintiff cites 12 U.S.C. § 2605, which provides that "[a] servicer of a federally related mortgage shall not . . . fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan." 12 U.S.C. § 2605(k)(1)(D).

Defendants contend that Plaintiff fails to allege "actual damages" arising from the claimed violation of § 2605. (Docket no. 6, p. 4.) Defendants assert that RESPA permits relief only in the form of monetary damages. (*Id.* (citing 12 U.S.C. § 2605(f))). In response, Plaintiff asserts that she incurred damages in the amount of "costs . . . associated with preparing and submitting the QWR, such as time and effort spent and expenses accrued." (Docket no. 14, p. 4.)

10

In addressing this issue, the Sixth Circuit has indicated that the costs of sending a QWR may "become actual damages" when the servicer fails to respond adequately. *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 721 (6th Cir. 2013) ("[T]he district court's determination that costs Marais incurred associated with preparing her QWR did not constitute actual damages . . . did not take into account Marais's argument that those costs were for naught due to Chase's deficient response, *i.e.*, her QWR expenses became actual damages when Chase ignored its statutory duties to adequately respond. The district could should consider this argument on remand."). Accordingly, Plaintiff's allegation that she sustained damages as a result of Rushmore's failure to respond to her QWR states a claim for which relief may be granted.

Plaintiff also contends that Wilmington failed to provide "new creditor disclosures" upon assignment of the Mortgage in violation of 12 C.F.R. § 1026.39. (Docket no. 1, p. 7.) Defendants assert that Plaintiff fails to state a claim under 12 C.F.R. § 1026.39 because that statute was not in effect at the time Plaintiff alleges it was violated. In particular, Defendants observe that Plaintiff's Complaint references only the September 6, 2013 assignment, while § 1026.39 took effect on October 3, 2015. (Docket no. 6, p. 6.) Although Defendants are correct that the Complaint refers to only the September 6, 2013 assignment, Plaintiff seeks leave to amend her Complaint to allege violations arising from assignments that occurred in 2016. (Docket no. 18, p. 7; docket no. 14, p. 6.) For the reasons set forth below, such leave should be granted.

d.   Admissibility of Mortgage Documents

Count VI of Plaintiff's Complaint alleges that Defendants should not be permitted to rely on copies of the Mortgage because Rule 1002 of the Federal Rules of Evidence requires the original to be produced. This contention fails to state a claim on which relief may be granted.

11

Regardless of whether the issue will arise in the context of a subsequent evidentiary motion, this count of Plaintiff's Complaint should be dismissed.

### C. Motion to Amend

#### 1. Standard of Review

A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Such leave should be granted in the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

#### 2. Analysis

Plaintiff seeks leave to file a First Amended Complaint in order to "add correction[s], provide clarity, and to specify factual allegation[s] which were not specified in the original complaint." (Docket no. 10.) As an initial matter, the Court observes that Plaintiff fails to attach the proposed amended pleading as required by Rule 15.1 of the Local Rules of the United States District Court for the Eastern District of Michigan. This deficiency significantly clouds the task of determining whether "justice requires" granting Plaintiff leave to amend her Complaint. However, the Court will proceed to address Plaintiff's motion to the extent that her briefing describes the proposed revisions.

First, with respect to the FDCPA count, Plaintiff seeks leave to amend the Complaint to argue that Wilmington is a Debt Collector. However, as addressed above, Plaintiff fails to allege any facts underlying that conclusory assertion. In particular, Plaintiff does not allege that the

12

Mortgage was in default when it was acquired by Wilmington. Accordingly, the proposed amendment would be futile, and the Court denies leave to amend the FDCPA claim.

Regarding the alleged RESPA violations, Plaintiff states that her amended Complaint would add references to additional assignments in 2016. Although Plaintiff advances no explanation for her failure to reference the 2016 assignments in her original Complaint, the proposed amendment does not appear to be motivated by bad faith. Moreover, the amendment would not unduly prejudice Defendants, who were aware of the 2016 assignments. Finally, the proposed amendment would not be futile, as Defendants' argument in response to Plaintiff's claim under 12 C.F.R. § 1026.39 is that the referenced assignment occurred prior to the effective date of that regulation. (*See* docket no. 6, p. 6.)

With regard to the state-law claims, Plaintiff's proposed amendments consist primarily of additional legal authority, most of which does not pertain to the core issues—whether Defendants violated § 600.3204 and whether Plaintiff could plausibly allege to have been prejudiced by any such violation. Accordingly, the proposed amendments would not rectify the defects that undermine Plaintiff's state-law claims, and the Court must deny leave to amend those counts.

### D. Motion for Preliminary Injunction and/or Temporary Restraining Order

#### 1. *Standard of Review*

Rule 65 of the Federal Rules of Civil Procedure authorizes the issuance of preliminary injunctions and temporary restraining orders. The Court may issue a temporary restraining order to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *See First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Courts use the same factors when deciding either motion.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). In deciding a motion for a preliminary injunction, the court should consider whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served if the injunction issues. *Id.* (citation omitted). While these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Id.* See also *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The proof required for a plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a motion for summary judgment. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

    2. *Analysis*

Plaintiff seeks a preliminary injunction and/or temporary restraining order pursuant to Rule 65. (Docket no. 15.) Although it is not clear what exactly Plaintiff seeks to enjoin, the Court infers from the motion that Plaintiff asks the Court to preclude Defendants from evicting Plaintiff on the basis of an August 16, 2017 writ of eviction issued by the 36th District Court. For the reasons discussed above—in the context of Defendants' Motion to Dismiss—Plaintiff has not shown a likelihood of success on the merits. In particular, the Court has recommended dismissal of the state-law counts, and any remaining federal-law claims have no potential to discredit the state-law foreclosure and eviction proceedings. While the Court appreciates that eviction will pose a great hardship on Plaintiff, the requested injunction is not supported under the circumstances.

### E. Conclusion

For the reasons set forth above, the undersigned recommends that Defendants' Motion to Dismiss (docket no. 6) be **GRANTED IN PART** and **DENIED IN PART**, with Counts II through VI being dismissed. Plaintiff's Motion for Leave to Amend (docket no. 10) should be **GRANTED IN PART** and **DENIED IN PART**, with leave granted only with respect to the RESPA claim. Finally, Plaintiff's Motion for Preliminary Injunction (docket no. 15) should be **DENIED**.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must

specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 19, 2017         **s/ Mona K. Majzoub**
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: September 19, 2017         s/ L. Hosking
                                  Case Manager Generalist