UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENDORIA COLSON,

        Plaintiff,

v.

        Case Number 17-11387
        Honorable David M. Lawson
        Magistrate Judge Mona K. Majzoub

WILMINGTON SAVINGS FUND
SOCIETY, and RUSHMORE LOAN
MANAGEMENT,

        Defendants.

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFFS' OBJECTIONS, GRANTING MOTION TO DISMISS, AND DISMISSING AMENDED COMPLAINT WITH PREJUDICE**

Plaintiff Glendoria Colson filed a six-count complaint alleging claims under federal and state law against defendants Wilmington Savings Fund Society and Rushmore Loan Management based on the defendants' actions in foreclosing the mortgage on the plaintiff's home. The complaint, filed *pro se*, asserts that Wilmington did not have the authority to foreclose the mortgage because it did not have an interest in the property, and the plaintiff seeks to quiet title in herself. She also alleges that the defendants violated the Fair Debt Collection Practices Act (FDCPA), and that defendant Rushmore violated the Real Estate Settlement Procedures Act (RESPA). The Court referred this case to Magistrate Judge Mona K. Majzoub for pretrial management. Thereafter, the defendants filed a motion to dismiss the complaint. The plaintiff also filed a motion for a preliminary injunction and a motion to amend her complaint. Judge Majzoub filed a report on September 19, 2017 recommending that the motion to dismiss be granted in part and all but the RESPA claims be dismissed. Judge Majzoub also recommended that the preliminary injunction motion be denied, but that the plaintiff be allowed to amend her complaint to clarify her RESPA claim. The plaintiff filed

timely objections, and the matter is before the Court for *de novo* review. After considering the motions, the pleadings, and the magistrate judge's report in light of the objections filed, the Court finds that the magistrate correctly determined the issues. Therefore, the Court will adopt the report and recommendation and dismiss all but the RESPA claim. The plaintiff may amend her complaint.

I.

In February 2003, Colson granted a purchase money mortgage to non-party Citicorp Trust Bank, which was secured by her home in Detroit, Michigan. The mortgage was recorded at the Wayne County, Michigan Register of Deeds office. In September 2003, the mortgage was sold to the Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as trustee for Palisades Mortgage Loan Trust, Series 2013-4. The loan was assigned to Rushmore for servicing on October 8, 2013. Colson received notice of the change of servicer on October 22, 2013.

Colson alleges that on March 13, 2014, she sent Rushmore a Qualified Written Request (QWR) under the RESPA, in which she sought copies of the first 15 pages of the Trust's Pooling and Service Agreement (PSA) to determine 1) who was the real party in interest under the deed of trust; 2) were there any assignments made after the PSA specified closing date; 3) how many assignments were made after the PSA closing date; and 4) whether Rushmore maintained an interest in the indebtedness. On May 20, 2014, Rushmore responded to the plaintiff's QWR, claiming the plaintiff's request did not specify an error and that the request was duplicative, unduly burdensome, irrelevant, and overly broad. On May 29, 2014, the plaintiff sent a second QWR with five informational requests. Rushmore responded that the second request contemplated confidential, proprietary, and privileged information.

Apparently the plaintiff fell behind on her mortgage payments. On April 26, 2016, Rushmore, as the servicer of her loan for Athene/Credit Suisse, sent Colson an offer to agree to a foreclosure judgment, wherein the owner of the loan would pay the plaintiff $2,000 subject to several conditions. The offer was good for ten days.

On May 16, 2016, Colson apparently sent Rushmore another QWR, stating that Rushmore obtained servicing rights to her mortgage through defective means. She challenged the timeliness of the notice she received on October 22, 2013, because she said that the mortgage was transferred on September 6, 2013, and the notification failed to comply with the 15-day notice requirement mandated by federal law whenever ownership of a mortgage loan secured by a principal dwelling is sold, transferred, or assigned. It appears, however, that Colson has conflated the date her mortgage was assigned to Christiana Trust with the date Rushmore notified her that it would be servicing her loan. She also stated in the QWR that any assignments of the mortgage had not been recorded properly. She asked for information about the alleged notice and timing error.

Rushmore replied to the plaintiff's QWR on May 26, 2016, stating that the correspondence was under review and Rushmore would issue a response within 30 business days. It also stated that the current owner of the plaintiff's loan was U.S. Bank NA. According to the complaint, Rushmore never identified the assignee of the mortgage loan or showed a valid right to service. Rushmore also did not identify properly the trustee of the trust that owned the plaintiff's mortgage loan.

On May 23, 2016, the mortgage was assigned to the defendant Wilmington, solely as a trustee for RPMLT 2014-1 T, Series 2014-1. Later, the mortgage was recorded in the Wayne County Records. The complaint alleges that RPMLT 2014-1, Series 201401 was not an active trust, thereby dispossessing it of legal title to the mortgage. Colson's mortgage included a power of sale,

which was triggered when she defaulted. On June 1, 2016, defendant Wilmington notified Colson that her mortgage would be foreclosed by sale of the mortgaged premises and the period for redemption was six months from the date of sale. On June 30, 2016, the house was sold at a sheriff's sale for $41,000. The plaintiff did not redeem the property.

After the redemption period expired, Wilmington filed an action against the plaintiff in Michigan's Thirty-Sixth District Court for possession of the plaintiff's property. The court entered a judgment of possession on January 18, 2017, and the judgment was affirmed on appeal.

On May 1, 2017, the plaintiff filed a six-count complaint, alleging violations of RESPA by Rushmore, and violations of 12 C.F.R. 1024.33 and 1026.39 by Rushmore and Wilmington (Count 1); a violation of the foreclosure-by-advertisement statute, Mich. Comp. Laws § 600.3204(3) (Count 2); a violation of the FDCPA (Count 3); slander of title (Count 4); quiet title under Mich. Comp. Laws § 600.2932(1) (Count 5); and lack of admissibility of copies of the mortgage and note under FRE 1002 (Count 6). On July 3, 2017, the defendants filed a motion to dismiss. On August 1, 2017, the plaintiff filed a motion for leave to file first amended complaint, followed by an *ex parte* emergency motion for preliminary injunction on August 29, 2017.

Judge Majzoub filed her report and recommendation on September 19, 2017 addressing all three pending motions. She suggested that Counts 2 through 6 ought to be dismissed for failure to state a claim. The plaintiff could not state a plausible claim in Count 2 because Michigan's foreclosure-by-advertisement statute, Mich. Comp. Laws § 600.3204, required only that the "record chain of title" exist at the time of the foreclosure, and that requirement was satisfied here because Wilmington's ownership of the mortgage is evidenced by five recorded assignments in the public record. Because the claims to quiet title and for slander of title relied on the premise of the

foreclosure's invalidity, they failed as well, so Counts 4 and 5 should be dismissed. Judge Majzoub suggested that the FDCPA claim (Count 3) failed because Rushmore was not a "debt collector" within the meaning of the Act, as the mortgage was not in default when Rushmore took over as servicer, and therefore it was attempting to collect its own debt. The magistrate judge summarily disposed of the plaintiff's claim under Federal Rule of Evidence 1002 (Count 6), because it merely posited an evidentiary issue that would be resolved at a trial.

Judge Majzoub suggested that the plaintiff should not be allowed to amend her complaint to remedy defects on those counts, because the attempts would be futile. Likewise, she recommended that the preliminary injunction motion be denied because the plaintiff could not demonstrate a likelihood of success on the merits. However, Judge Majzoub found that the plaintiff stated a viable RESPA violation in Count 1, and she should be permitted to amend her complaint to add references to additional assignments.

The plaintiff filed timely objections. The defendants did not object.

## II.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the pleadings, the report and recommendation, the plaintiff's five objections, and defendants' response, and has made a *de novo* review of the record in light of the parties' submissions.

### A. "Record Chain of Title"

The plaintiff objects to the recommended dismissal of Count 2 because she believes that she has pleaded a defect in the record chain of title, where U.S. Bank National Association and Athene/Credit Suisse, who were listed as "owner[s] of the loan," were required to record their interests before Wilmington could rightfully claim assignee status under the mortgage.

When a motion to dismiss is filed under Federal Rule of Civil Procedure 12(b)(6), the Court examines the complaint in the light most favorable to the plaintiff, accepts the allegations in the complaint as true, and draws all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d

478, 488 (6th Cir. 2009). "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

Michigan's foreclosure-by-advertisement statute, Mich. Comp. Laws § 600.3204(3), states "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." In *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 100-01 (6th Cir. 2010), the Sixth Circuit

recognized that the phrase "chain of title" plainly means "comprised of documents that were filed in the County Register of Deeds' office." (internal marks omitted). The court rejected the plaintiff's contention that "a Michigan mortgage may only be foreclosed by advertisement if every interim assignment between the original lender and the foreclosing party is revealed by the public record." *Ibid.* Moreover, "[t]o establish an actionable defect under § 600.3204, a plaintiff must show that he was prejudiced, i.e., he 'must show that he would have been in a better position to preserve his interest in the property absent defendant's noncompliance with the statute.'" *Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 513 (6th Cir. 2013) (quoting *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329, 337 (2012)). Courts have found that a showing of double liability satisfies the plaintiff's burden, *ibid.*, "[b]ut the mere fact that the [plaintiff does] not know who holds the note does not demonstrate prejudice." *Kassem v. Ocwen Loan Servicing, LLC*, No. 14-11143, 2015 WL 5559906, at *6 (E.D. Mich. 2015 Sept. 18, 2015). Instead, the plaintiff, at a minimum, must allege that an entity other than the foreclosing party seeks "to collect on the debt or foreclose on [her] home." *Ibid.*

Here, the chain of title as recorded in the Wayne County Register of Deeds shows Wilmington was the current mortgagee by way of five assignments. The mortgage made Citicorp Trust Bank, FSB the original mortgagee and that document was recorded in the register of deeds on March 5, 2003. *See* Defs.' Resp. to Prelim. Inj., (dkt. #20) Ex. 1 (Pg ID 224) ("Liber 37885 Page 241"). Citibank N.A., successor in interest by merger to Citicorp Trust Bank, FSB, then assigned the mortgage to Citimortgage, Inc. and that assignment was recorded in the register on November 18, 2013. *See id.*, Ex. 2 (Pg ID 230) ("Liber 51181 Page 516"). Citimortgage, Inc. subsequently assigned the mortgage to Palisades Mortgage Acquisition Company, LLC and that assignment also

-8-

was recorded on November 18, 2013. *See id.* Ex. 3 (Pg ID 233) ("Liber 51181 Page 518"). Palisades later assigned the mortgage to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as trustee for Palisades Mortgage Loan Trust, and that assignment was recorded on May 26, 2016. *See id.*, Ex. 4 (Pg ID 236) ("Liber 53015 Page 1169"). Christiana Trust then assigned the mortgage to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not in its individual capacity, but solely as trustee for RPMLT 2014-1, and that assignment was recorded on May 26, 2016. *See id.*, Ex. 5 (Pg ID 240) ("Liber 53015 Page 1172"). And Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity, but solely as trustee for RPMLT 2014-1 assigned the mortgage to Wilmington Saving Funds Society, FSB, not individually but solely as trustee for RPMLT 2014-1 Trust, Series 2014-1 and that assignment also was recorded on May 26, 2016. *See id.*, Ex. 6 (Pg ID 242) ("Liber 53015 Page 1173").

The public recordings establish compliance with the record chain of title requirements of section 600.3204(3) before the foreclosure sale on June 30, 2016.

Despite compliance, the plaintiff insists in her objection that chain of title is defective. It seems the primary basis for her defectiveness claim is the interim assignment to Athene/Credit Suisse and U.S. Bank National Association, which apparently were not recorded in the register of deeds. In her response to the defendant's motion to dismiss, the plaintiff points to two communications from Rushmore — letters dated April 26, 2016 and May 26, 2016 — as evidence that the record chain of title is incomplete. The April 26, 2016 letter says Rushmore is the "servicer of [Colson's] loan for Athene/Credit Suisse," and the May 26, 2016 says the current owner of the loan is U.S. Bank National Association, not in its individual capacity, but solely as trustee for the

RMAC Trust, Series 2012-1T. Based on these two representations, the plaintiff now argues that chain of title is defective and she was exposed to double liability.

The plaintiff cites *Sobh v. Bank of America, N.A.*, No. 308441, 2013 WL 2460022 (Mich. Ct. App. June 6, 2013), where the Michigan Court of Appeals concluded that section 600.3402(3) requires that interim assignments be recorded. There, JPMorgan Chase Bank's failure to record its assignment from Washington Mutual under a "purchase and assumption agreement" before assigning it to Bank of America — the foreclosing party — broke the chain of title. *Id.* at *3. Although *Sobh* stands for the proposition that interim assignments be recorded, that does not help the plaintiff here. The Wayne County Records plainly show that Wilmington Savings Bank — the foreclosing party — recorded its interest before issuing its foreclosure notice, and earlier assignments can be traced back to the original mortgagee, Citigroup.

Moreover, even after *Sobh*, courts in this district have held that absent an affirmative pleading of prejudice, a failure to record interim assignments by itself does not give a plaintiff standing to raise assignment defects. *See Kassem*, 2015 WL 5559906, at *6; *Griffin v. JPMorgan Chase Bank, N.A.*, No. 13-10002, 2013 WL 6587870, at *4 (E.D. Mich. Dec. 16, 2013). Here, the plaintiff represents in her papers that she could have and intended to redeem her property or pay off her debt, but at the time of foreclosure, she was "severely confused" about whether U.S. Bank NA or defendant Wilmington owned her mortgage, thereby exposing her to double liability. She does not allege as much in her complaint, but represents in her objection that she will plead double liability if the Court grants her leave to amend her complaint. That argument is unpersuasive, however, because even though the May 26, 2016 letter from Rushmore noted that U.S. Bank owned the loan, it is clear from subsequent documents, particularly the foreclosure notice and the Sheriff's

deed, that defendant Wilmington claimed ownership of the mortgage at the time of foreclosure. Furthermore, as in *Kassem*, the plaintiff does not allege that U.S. Bank is claiming ownership or seeking to hold her responsible for her default under the mortgage, or that it ever did. Because the plaintiff has only alleged that defendants Rushmore and Wilmington sought to foreclose on her property, her argument that she was prejudiced by an apparent recording discrepancy does not hold up.

The facts alleged in the complaint, favorably regarded, and the public record demonstrate that the magistrate judge correctly concluded that Count 2 should be dismissed. An amendment at this stage would be futile in light of the continuous chain of title recorded by the Register of Deeds. The plaintiff cannot state a claim under section 600.3204(3).

### B. Rushmore's Status as a "Debt Collector"

As the magistrate judge noted, the FDCPA does not apply to a creditor attempting to collect its own debt. 15 U.S.C. § 1692a(6); *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734 (6th Cir. 2007). When a creditor assigns a debt to another, the assignee may or may not satisfy the definition of a debt collector under the FDCPA.

> For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106–8 (6th Cir.1996); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985).

*Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012) (citing 15 U.S.C. § 1692a(6)(F)(iii)). Under the carve out in section 1692a(6)(F)(iii) and the Sixth Circuit's analysis,

an entity attempting to collect on a debt is only a debt collector if the borrower was in default at the time the debt was acquired. The magistrate judge made that clear in her report.

The plaintiff objects, however, insisting that in order to establish that a defendant is a "debt collector" under the FDCPA, the complaint does not need to allege the mortgage was in default at the time of assignment as long as the mortgage servicer treated the loan as if it were in default. The Court disagrees. *Bridge* makes clear that the default status of the debt at the time the entity acquired it is critical to a defendant's designation as a creditor or debt collector. Because the plaintiff specifically alleges, albeit in a conclusory fashion, that the defendants are debt collectors under the FDCPA, there must be some representation in the complaint that the debt was in default at the time the defendants acquired it either as a loan servicer or mortgagee. The plaintiff failed to make that allegation in the complaint or in her proposed amendment. Therefore, Count 3 must be dismissed, and leave to amend would be futile.

### C. Slander of Title and Quiet Title Claims

The plaintiff's third objection addresses the magistrate judge's summary dismissal of Counts 4 and 5, slander of title and quiet title, because their viability depends on improper foreclosure procedures, which Count 2 fails to plausibly allege.

In Count 4, the plaintiff alleges that the defendant — although not specifying which one — knowingly violated the foreclosure-by-advertisement statute and filed the sheriff's deed with the intent to harass or intimidate the plaintiff. "'In Michigan, slander of title claims have both a common-law and statutory basis.'" *Derbabian v. Bank of America, N.A.*, 587 F. App'x 949, 958 (6th Cir. 2014) (quoting *B & B Inv. Grp. v. Gitler*, 229 Mich. App. 1, 581 N.W.2d 17, 20 (1998)). The plaintiff did not specify which theory she intended to pursue. But "[u]nder both common law and

Michigan Compiled Laws § 565.108, 'a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages.'" *Ibid.* "'Special damages' include litigation costs, impairment of vendibility, and loss of rent or interest." *Ibid.* Because the plaintiff has not pleaded any plausible defect in the foreclosure proceedings, she cannot allege falsity, and — following the magistrate judge's reasoning — her slander-of-title claim therefore fails.

In Count 5, she alleges a claim of quiet title under Mich. Comp. Laws § 600.2932(1), asserting that defendant Wilmington's defective title voids the deed it acquired after the sheriff's sale. ¶ 50. Section 2932(1) states that, "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not." In an action to quiet title, the plaintiffs must plead a superior interest in the property. *Beulah Hoagland Appleton Qualified Pers. Residence Tr. v. Emmet Cty. Rd. Comm'n*, 236 Mich. App. 546, 600 N.W.2d 698, 700 (1999). Once again, the plaintiff cannot plead that element, and the magistrate judge concluded thereby that Count 5 fails.

The plaintiff's objection does nothing more than reproduce the magistrate judge's language stating that a plausible claim cannot be stated, and then asserts that plaintiff can demonstrate a plausible claim for relief in Counts 4 and 5. The objection does not include any statements of law or fact. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725

(quoting *Miller*, 50 F.3d at 380). Because objections must be clear and specify the findings believed to be in error, this objection is without merit.

### D. Preliminary Injunction

The plaintiff's fourth objection similarly is flawed for lack of specificity. After reproducing the magistrate judge's language disposing of the plaintiff's motion for a preliminary injunction, the plaintiff merely states "Plaintiff has shown a likelihood of success on the merits . . . ." But the plaintiff has not demonstrated any likelihood that she could succeed on any of her counts that could support injunctive relief. There are several factors that must be balanced when considering whether a preliminary injunction should issue. *See Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012). But the failure to show a likelihood of success on the merits is generally fatal. *Ibid.*; *see also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The plaintiff's fourth objection will be overruled.

### E. The Defendants' Factual Submissions

Although not entirely clear, it appears that the plaintiff believes the magistrate judge improperly relied on the defendants' recitation of facts to decide the several motions. However, the facts relied upon by the magistrate judge appear to come from the plaintiff's complaint and public records attached to the briefs. This objection is without merit.

### III.

The magistrate judge properly concluded that all but Count 1 of the complaint should be dismissed for failure to state viable claims, and that the request for temporary injunctive relief should be denied. The magistrate judge also concluded that the effort to amend the complaint would

be futile, except as to Count 1. The defendants did not object to the recommendation to allow the amendment to Count 1.

Accordingly, it is **ORDERED** that the plaintiff's objections to the report and recommendation [dkt. #23] are **OVERRULED**, and the magistrate judge's report and recommendation [dkt. #21] is **ADOPTED**.

It is further **ORDERED** that defendants' motion to dismiss the complaint [dkt. #6] is **GRANTED IN PART**. Counts 2 through 6 of the complaint are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects.

It is further **ORDERED** that the motion for leave to file an amended complaint [dkt. #10] is **GRANTED IN PART**. The plaintiff must file her amended complaint on Count 1, only, **on or before January 30, 2018**.

It is further **ORDERED** that the motion for a temporary restraining order and preliminary injunction [dkt. #15] is **DENIED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Mona K. Majzoub under the previous reference order [dkt. #5] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 10, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2018.

        s/Susan Pinkowski
        SUSAN PINKOWSKI