**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**GLENDORIA COLSON,**

    **Plaintiff,**                                             **Case No. 17-cv-11387**

    v.                                                          **District Judge David M. Lawson**

**WILMINGTON SAVINGS**                                  **Magistrate Judge Mona K. Majzoub**
**FUND SOCIETY, and**
**RUSHMORE LOAN**
**MANAGEMENT,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Glendoria Colson seeks various forms of relief in connection with the June 2016 foreclosure on her home in Detroit, Michigan. (Docket no. 1.) The Court dismissed several counts of Plaintiff's original complaint and directed her to file an amended complaint with respect to her claim that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"). (Docket no. 26.) Plaintiff filed an amended complaint on January 30, 2018. (Docket no. 27.)

Before the Court is Defendants' motion to dismiss the amended complaint. (Docket no. 28.) Plaintiff has filed a motion for leave to file a "corrected" amended complaint (docket no. 32), which the undersigned will address by a separate order. This matter was referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 5.) The Court has

reviewed the pleadings and determined that the motions will be resolved without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.   RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendants' motion to dismiss the amended complaint (docket no. 28) be **DENIED**.

**II.   REPORT**

**A.   Background**

On February 27, 2003, Plaintiff entered into a mortgage agreement (the "Mortgage") with non-party Citicorp Trust Bank, FSB ("Citicorp") concerning real property located at 17531 Pennington, in Detroit, Michigan (the "Property"). (Docket no. 20, ex. 1.) On the same date, Plaintiff executed a note in which she agreed to pay Citicorp $119,930.03, plus interest, in monthly installments. (*Id.*) The Mortgage contained a "power of sale" clause, providing Citicorp the right to sell the Property upon default by Plaintiff. (*Id.*) The Mortgage was recorded with the Wayne

County Register of Deeds on March 5, 2003, in Liber 37885, Page 241. On September 6, 2013, the Mortgage was assigned to Christiana Trust as trustee for Palisades Mortgage Loan Trust. (Docket no. 1, pp. 30-31.) October 22, 2013, Defendant Rushmore Loan Management Services, LLC ("Rushmore") notified Plaintiff of the assignment, and also informed Plaintiff that servicing of the Mortgage had been assigned from CitiMortgage (successor in interest to Citicorp) to Rushmore. (*Id.*) Through several additional assignments, the Mortgage came to be held by Defendant Wilmington Savings Fund Society, FSB, solely as Trustee for RPMLT 2014-1 Trust ("Wilmington"). (Docket no. 20, pp. 2-3.)

On the basis of an allegation that Plaintiff defaulted under the terms of the Mortgage, the Property was sold by Sheriff's sale on June 30, 2016. (*Id.* at 3.) Following expiration of the six-month statutory "redemption period," Wilmington filed an action against Plaintiff in the 36th District Court in Wayne County, Michigan seeking possession of the Property (the "Eviction Proceedings"). (*Id.* at 3-4.) On January 18, 2017, the 36th District Court entered a Judgment of Possession. (*Id.* at 4.) Plaintiff appealed the Judgment to the Wayne County Circuit Court, which on August 1, 2017 affirmed the Judgment of the 36th District Court. (*Id.*)

On May 1, 2017, Plaintiff filed her original complaint, alleging (1) that Rushmore violated the Real Estate Settlement Procedures Act ("RESPA") by failing to adequately respond to Plaintiff's Qualified Written Request letters ("QWR") and that both Defendants violated RESPA by failing to provide "new creditor disclosures" after the September 2013 assignment ("Count I"), (2) that Defendants violated Michigan Compiled Laws § 600.3204 because the assignment to Wilmington was defective ("Count II"), (3) that Rushmore violated the Fair Debt Collection Practices Act ("FDCPA") by "maintaining a foreclosure action in violation of Michigan foreclosure by advertisement provisions" ("Count III"), (4) that Defendants slandered the title of Plaintiff's property ("Count IV"), (5) that Plaintiff is entitled to quiet title under § 600.3204 ("Count V"), and (6) that copies of the Mortgage produced by Defendants are not admissible under the Federal Rules of Evidence ("Count VI"). (Docket no. 1.)

On January 10, 2018, the Court granted Defendants' motion to dismiss the complaint with respect to all but the RESPA count. (Docket no. 26.) The Court directed Plaintiff to file an amended complaint addressing only the RESPA claims. (*Id.*) On January 30, 2018 Plaintiff filed her amended complaint, which alleged that Defendants violated RESPA by failing to respond to her requests for information and by failing to notify Plaintiff of changes in the

3

ownership of her mortgage. (Docket no. 27.) In lieu of answering the amended complaint, Defendants filed a second motion to dismiss. (Docket no. 28.)

### B. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the

remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In addressing motions under Rule 12(b)(6), the Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

### C. Analysis

Plaintiff asserts that Defendants violated RESPA in two different respects. First, Plaintiff contends that Defendant Rushmore violated 12 U.S.C. § 2605 and 12 C.F.R. § 1024.36 by failing to respond properly to qualified written requests ("QWRs") that she sent to Rushmore in March and May of 2014. (Docket no. 27, pp. 3-4.) Second, Plaintiff alleges that Defendant Wilmington violated 12 C.F.R. § 1026.39 by failing to provide notice that her mortgage was assigned to Wilmington in May of 2016. (*Id.* at 6.)

Defendants move to dismiss both claims, contending that: (1) Defendant Rushmore responded appropriately to Plaintiff's QWRs, and that (2) Plaintiff fails to allege that she suffered "actual damages" as a result of not being notified of the transfer to Defendant Wilmington. (Docket no. 28.)

#### 1. QWR Claim

With respect to the first claim, Plaintiff contends that Defendant Rushmore failed to respond appropriately to QWRs seeking information regarding a "pooling and servicing agreement" ("PSA") that pertained to her mortgage. According to Plaintiff's amended complaint, the March 13, 2014 QWR sought:

> copies of the first 15 pages of the PSA to determine who was the real party of interest under Plaintiffs [*sic*] Deed of Trust; [information regarding whether there

5

> were] any assignments made after the PSA specified closing date; how many assignment[s] were made after the PSA closing date; and [information regarding] whether Rushmore maintain[ed] an interest in the indebtedness as result of the originator's failure to comply with the PSA and notice of transfer of servicing requirements.

(Docket no. 27, p. 3.) Plaintiff contends that the May 29, 2014 request included:

> 5 informational requests, in order to determine whether the mortgage and the note [were] delivered to the trust on or before the . . . date specified in the PSA; [whether] the Pooling and Servicing Agreement states that the note and mortgage must be delivered to the trust on or before a specified date; [and] what date is specified in the PSA [by] which the note and mortgage must be delivered into the trust.

(*Id.* at 4.)

RESPA provides that any "servicer of a federally related mortgage loan" that receives a "qualified written request from the borrower . . . for information relating to the servicing of such loan" must "after conducting an investigation, provide the borrower with a written explanation or clarification that includes . . . information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer." 12 U.S.C. § 2605. The Consumer Financial Protection Bureau ("CFPB") adopted implementing regulations including 12 C.F.R. § 1024.36, which concerns "requests for information." That regulation provides that a servicer must respond to written requests by either "[p]roviding the borrower with the requested information" or "[c]onducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance." 12 C.F.R. §§ 1024.36(a), (d). However, a servicer is not required to provide information requested by the borrower if the servicer "reasonably determines" that the requested

6

information is duplicative, confidential, irrelevant, overbroad or unduly burdensome, or that the request is untimely. 12 C.F.R. § 1024.36(f).

Defendants contend that Plaintiff's QWR claim should be dismissed because "Rushmore could reasonably determine that Plaintiff's requests for information related to a PSA were unduly burdensome, irrelevant and/or overly broad, or that Plaintiff failed to specify an error that required a response, or that the PSA was confidential or proprietary information." (Docket no. 31, p. 3.)

Section 1024.36 defines "irrelevant information" as that which is "not directly related to the borrower's mortgage loan account." 12 C.F.R. § 1024.36(f)(1)(iii). The CFPB's official guidance provides several examples of irrelevant information:

> i. Information that relates to the servicing of mortgage loans other than a borrower's mortgage loan, including information reported to the owner of a mortgage loan regarding individual or aggregate collections for mortgage loans owned by that entity; ii. The servicer's training program for servicing personnel; iii. The servicer's servicing program guide; or    iv. Investor instructions or requirements for servicers regarding criteria for negotiating or approving any program with a borrower, including any loss mitigation option.

12 C.F.R. § 1024, Supp. I. In addition, the CFPB official interpretation provides that

> [c]onfidential, proprietary or privileged information may include information requests relating to, for example: i. Information regarding management or profitability of a servicer, including information provided to investors in the servicer; ii. Compensation, bonuses, or personnel actions relating to servicer personnel, including personnel responsible for servicing a borrower's mortgage loan account; iii. Records of examination reports, compliance audits, borrower complaints, and internal investigations or external investigations; or iv. Information protected by the attorney-client privilege.

*Id.*

For the purposes of the present motion, the Court is limited to reviewing whether Plaintiff's amended complaint alleges "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level."

7

*Handy–Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Applying this standard to Plaintiff's QWR claim, the Court must determine whether it is plausible that Defendants unreasonably concluded that the PSA is confidential and/or irrelevant.

Without the ability to review the PSA at issue, the Court is unable to conclude that Plaintiff's allegation—that Defendants unreasonably determined that the PSA is irrelevant and confidential—is implausible. Notwithstanding Defendants' argument that Plaintiff lacks standing to challenge the terms of the PSA, Plaintiff plausibly alleges that the information requested is "directly related" to her "mortgage loan account" and not confidential, proprietary, or privileged. *See* 12 C.F.R. § 1024.36(f). Accordingly, the Court should deny Defendants' motion to dismiss Plaintiff's QWR claim.

### 2. *Notice-of-Assignment Claim*

Defendants movet the Court to dismiss Plaintiff's claim that Defendant Wilmington violated 12 C.F.R. § 1026.39 by failing to notify Plaintiff that her mortgage was assigned to Wilmington in May of 2016. (Docket no. 28, p. 9.) In support, Defendants assert that "Plaintiff cannot demonstrate actual damages resulting from her allegation that she was not provided notice of a transfer of ownership when she admits she was aware Rushmore was the servicer of her Mortgage and the entity that accepted her monthly payments." In contending that Plaintiff must plead "actual damages," Defendants rely on 12 U.S.C. § 2605, which provides that "[w]hoever fails to comply with any provision of this section shall be liable to the borrower for . . . any actual damages to the borrower as a result of the failure." § 2605(f)(1)(A).

However, § 2605(f) is not the civil remedies provision applicable to 12 C.F.R. § 1026.39. The CFPB issued Part 1026, which is known as Regulation Z, to implement both RESPA and the Truth in Lending Act ("TILA"). 12 C.F.R. § 1026.1(a). Sections 112, 113, 130, 131, and 134 of TILA "contain provisions relating to liability for failure to comply with the requirements of . . . the regulation [i.e., Regulation Z]." 12 C.F.R. § 1026.1(e). TILA Section 130 (now enacted as 15 U.S.C. § 1640) provides that creditors may be liable for both actual damages and certain statutory damages. 15 U.S.C. § 1640(a).

Because Defendants' reliance on the "actual damages" language of § 2605(f) is misplaced, the Court should deny Defendants' request to dismiss Plaintiff's notice-of-assignment claim under 12 C.F.R. § 1026.39.

### D.  Conclusion

For the reasons set forth above, the undersigned recommends that Defendants' motion to dismiss the amended complaint (docket no. 28) be **DENIED**.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 17, 2018          s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: May 17, 2018          s/ Leanne Hosking
                             Case Manager