UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENDORIA COLSON,

        Plaintiff,

v.

Case Number 17-11387
Honorable David M. Lawson
Magistrate Judge Mona K. Majzoub

WILMINGTON SAVINGS FUND
SOCIETY, and RUSHMORE LOAN
MANAGEMENT,

        Defendants.
_____/

# OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, OVERRULING IN PART DEFENDANTS' OBJECTIONS, GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, AND RE-REFERRING CASE TO MAGISTRATE JUDGE

This case is again before the Court on objections to a report by Magistrate Judge Mona K. Majzoub recommending that the defendants' second motion to dismiss be denied. On January 10, 2018, the Court adopted the magistrate judge's first report and recommendation issued in this case, granted in part the defendants' motion to dismiss five out of six claims pleaded in the complaint, denied the defendants' motion with respect to the plaintiff's claim under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*, and allowed the plaintiff to file an amended complaint asserting the RESPA claim only. After the plaintiff filed her *pro se* amended complaint, the defendant responded with a motion to dismiss. Judge Majzoub filed a report on May 17, 2018 recommending that the motion to dismiss be denied. The defendants filed timely objections, the plaintiff filed a reply, and the matter is before the Court for *de novo* review.

I.

The factual background was summarized in detail in the Court's opinion and order adopting the first report and recommendation (R. 26). Apparently relying on the facts pleaded in her original complaint, the plaintiff alleges in her single-count amended complaint that the defendants violated RESPA in that defendant Rushmore Loan Management ("Rushmore") failed to respond adequately to two Qualified Written Requests (QWR), in violation of 12 C.F.R. § 1024.36, and on more than one occasion failed to provide notice of transfer of servicing rights, in violation of 12 U.S.C. § 2605 and 12 C.F.R. § 1026.39. The plaintiff also alleges that defendant Wilmington Savings Fund Society ("Wilmington") failed to provide the plaintiff with notice of its purchase of the plaintiff's mortgage in September 2003, in violation of section 1026.39.

In its motion to dismiss the amended complaint, filed in lieu of filing an answer, the defendants argue that Rushmore reasonably determined that the plaintiff's request for information seeking the first 15 pages of a pooling and servicing agreement (PSA) was overly broad, unduly burdensome or irrelevant as the plaintiff lacks standing to challenge the PSA. The defendants also argue that the request for the PSA was reasonably denied because the information contained within the PSA was proprietary or confidential. The defendants argue that Rushmore is not subject to liability under section 2605 for failing to give notice of the mortgage purchase because the plaintiff failed to allege that servicing rights were transferred to anyone other than Rushmore. The defendants also argue that Rushmore is not a "covered person" subject to section 1026.39's disclosure requirements, and that even if Wilmington — as a covered person — failed to give notice under section 1026.39, the plaintiff has not established that she suffered actual damages as required by section 2605(f).

On March 22, 2018, Magistrate Judge Majzoub issued an order instructing both parties to produce supplemental briefs and furnish materials "integral to the complaint," so that she could properly address the QWR claim. (R. 34). The magistrate judge ordered both parties to "produce and file copies of the plaintiff's written requests for information to defendant Rushmore, as well as Rushmore's responses to those requests," if those materials were still in the parties' possession or control. Additionally, Rushmore was ordered to produce the first 15 pages of the PSA allegedly requested by the plaintiff in her requests for information. The plaintiff did not file a supplemental brief. The only copy of any of the requests for information sent by the plaintiff in this record is a copy of the May 16, 2016 request attached to the plaintiff's original complaint. (R. 1). On March 29, 2018, the defendants filed a supplemental brief containing copies of four correspondences they sent between May 2014 and August 2016 to the plaintiff in reply to her information requests. (R. 36). The defendants did not file on the docket the first 15 pages of the PSA. Instead, they lodged those pages privately with the Court as "Exhibit E," without furnishing the plaintiff a copy. The defendants justified this *ex parte* submission with the explanation that because the PSA is not "a publicly available document and contains confidential and proprietary information" it was not docketed with the supplemental brief.

On April 4, 2018, Magistrate Judge Majzoub issued a text-only order stating:

> Exhibit E to Defendants' Supplemental Briefing in Support of their Motion to Dismiss was filed only with the Judge's copy based on Defendants' assertion that the document contains confidential and privileged information. If Defendants wish for Exhibit E to be considered at this stage of the proceedings, a motion to seal should be filed not later than April 11, 2018. If Defendants file such a motion, Plaintiff may respond not later than April 18, 2018, with any reply by Defendants being filed not later than April 20, 2018.

On April 5, 2018, the defendants filed a motion to seal Exhibit E, arguing that because the PSA is

not a public document and because the plaintiff is not a party to the underlying agreement, Exhibit E should be sealed. On May 1, 2018, Judge Majzoub denied the defendant's motion to seal. The court reasoned that the defendants failed to demonstrate a compelling reason as to why Exhibit E should be sealed. Despite the magistrate judge's earlier order, the defendants did not file the PSA for consideration at this stage of the proceedings.

Judge Majzoub recommended that the defendant's motion to dismiss the amended complaint be denied. She concluded that the plaintiff's QWR claim — that Rushmore violated RESPA by failing to respond adequately to the plaintiff's requests for information — is plausible and therefore should not be dismissed. She reasoned that without the ability to review the PSA, the court could not conclude that the plaintiff's allegation — that Rushmore unreasonably determined the PSA is irrelevant and confidential — is implausible.

Judge Majzoub also recommended that the plaintiff's notice claims not be dismissed. She focused only on the defendants' argument that the plaintiff must demonstrate actual damages resulting from Wilmington's alleged failure to notify her of the transfer of her mortgage and reasoned that the defendants are mistaken. She found that, in making this contention, the defendants improperly relied on 12 U.S.C. § 2605(f)(1)(A), which does not govern civil liability for violations of 12 C.F.R. § 1026.39. Rather, the governing regulation, Section 130 of the Truth in Lending Act (TILA), states that creditors may be liable for actual damages and certain statutory damages. Therefore, Wilmington's contention that the plaintiff's claim against it should be dismissed for failure to show actual damages alone is incorrect.

II.

The defendants filed two objections to the report and recommendation. *First*, the defendants argue that Judge Majzoub did not need to review the PSA in order to dismiss the plaintiff's RESPA claim because Rushmore's responses to the QWRs comply with Rushmore's statutory obligations. The defendants argue that there is no duty under RESPA for Rushmore to furnish the PSA. The defendants also argue that the QWR claim fails as it pertains to defendant Wilmington because the alleged RESPA violations pertain only to loan servicers. *Second*, the defendants argue that the plaintiff's notice-of-assignment claim fails as to Rushmore because the plaintiff does not allege that the servicing rights were transferred to anyone other than Rushmore. The defendants did not address the determination that actual damages need not be alleged.

When objections to a report and recommendation are filed, the Court must give fresh review to "those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Court looks to all the evidence presented to the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The objections must be specific enough to allow the district court "to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, and "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "Overly general objections" will not do. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

"'Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

A.

Count I of the amended complaint alleges that on two occasions, Rushmore failed to respond adequately to the plaintiff's QWR. Colson alleges that on March 13, 2014, she sent Rushmore a QWR under 12 C.F.R. § 1024.36, in which she sought copies of the first 15 pages of the PSA associated with her mortgage to determine 1) who was the real party in interest under the deed of trust; 2) were there any assignments made after the PSA specified closing date; 3) how many assignments were made after the PSA closing date; and 4) whether Rushmore maintained an interest in the indebtedness stemming from the originator's failure to comply with the PSA and notice of transfer servicing requirements. On May 20, 2014, Rushmore responded to the plaintiff's QWR, contending that the plaintiff's request did not specify an error and that the request was duplicative, unduly burdensome, irrelevant, and overly broad. On May 29, 2014, the plaintiff sent a second QWR with five informational requests concerning whether the PSA requires that the note and mortgage be delivered to the trust on or before a specified date, and if so, what date was specified in the PSA and whether the deadline was honored. Rushmore responded that the second request regarding the PSA and assignee contemplated confidential, proprietary, and privileged information. The defendants argue that in light of Rushmore's statutory obligations under RESPA, the magistrate judge erred in concluding that a copy of the PSA is necessary to test the

plausibility of the plaintiff's allegations.

Congress enacted RESPA "to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). Amendments to RESPA in 2010 created the Consumer Financial Protection Bureau (CFPB). In 2013, the CFPB promulgated Regulation X, RESPA's implementation regulation, to achieve RESPA's purpose. 12 C.F.R. § 1024.1. The plaintiff alleges that Rushmore violated Regulation X's requests for information provisions found in 12 C.F.R. § 1024.36. In objecting to the magistrate judge's report, the defendants focus on their duties under section 2605 rather than under section 1024.36. The defendants apparently fail to appreciate the distinction between the two sections. The obligations under each of those laws may overlap, but they are not coterminous.

RESPA is a consumer protection statute. *Freeman v. Quicken Loans, Inc.*, 566 U.S. 624, 627 (2012). The provisions of both RESPA and Regulation X obligate loan servicers to "disclose pertinent information to borrowers, attempt to correct errors in servicing, and respond to relevant questions from borrowers." *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 251 (D. Conn. 2017). However, a loan servicer's duty to respond to a borrower's inquiry under RESPA and the servicer's obligations under Regulation X differ. Although the magistrate judge summarized these distinctions, they bear repeating.

Under RESPA, any "servicer of a federally related mortgage loan" that receives a "qualified written request from the borrower . . . for information relating to the servicing of such loan" must, "after conducting an investigation, provide the borrower with a written explanation or

clarification that includes . . . information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer." 12 U.S.C. § 2605(e). A QWR is "a written correspondence . . . that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). A loan servicer is required to respond to a borrower's QWR only to the extent that the request relates to the servicing of the loan. 12 U.S.C. § 2605(e)(1)(A). Under RESPA, loan servicing is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

Regulation X, on the other hand, does not limit the scope of a loan servicer's duty to reply to a borrower to requests related to the servicing of the loan. Section 1024.36(a) broadly requires servicers to "comply with the requirements of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan." *Id.* § 1024.36(a). Importantly, the regulation states that "[a] qualified written request that requests information relating to the servicing of the mortgage loan is a request for information for purposes of this section, and a servicer must comply with all requirements applicable to a request for information with respect to such qualified written request." *Ibid.* Put another way, when a request for information concerns

the servicing of a mortgage loan, as defined in 12 U.S.C. § 2605(i)(3), a servicer must comply with section 1024.36's requirements in addition to those spelled out in section 2605. When a servicer receives a broad request for information that does not concern servicing of the loan, its duty to respond is governed by section 1024.36 only.

Although styled as one objection, the defendants make at least two separate arguments in their first objection. First, the defendants argue that the plaintiff's requests for information pertaining to the PSA do not qualify as QWRs under section 2605(e) because the PSA is not related to the servicing of the plaintiff's loan. That argument is a red herring. Even if the defendants are correct, which is difficult to determine without a copy of the PSA, Rushmore still is subject to section 1024.36's requirements. That the plaintiff mischaracterized her requests for information as QWRs in her amended complaint is not fatal to her claim under section 1024.36. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that a *pro se* litigant's complaint is to be construed liberally).

The defendants' second argument that the PSA is irrelevant and contains confidential information, thereby relieving Rushmore of its obligation under section 1024.36 to respond to the plaintiff's request for the PSA, similarly is misdirected. 12 C.F.R. § 1024.36 requires a loan servicer to respond to requests for information by either providing the requested information or "[c]onducting a reasonable search for the information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information . . . for further assistance." 12 C.F.R. §§ 1024.36(a), (d)(ii). A servicer is not required to provide the requested information if the servicer "reasonably determines" that request is

duplicative, confidential, irrelevant, overly broad or unduly burdensome. *Id*. at § 1024.36(f). 12 C.F.R. § 1024.36(f) states: "A servicer is not required to comply with the requirements of . . . this section if the servicer reasonably determines that any of the following apply":

> (i) Duplicative information. The information requested is substantially the same as information previously requested by the borrower for which the servicer has previously complied with its obligation to respond pursuant to paragraphs (c) and (d) of this section.
>
> (ii) Confidential, proprietary or privileged information. The information requested is confidential, proprietary or privileged.
>
> (iii) Irrelevant information. The information requested is not directly related to the borrower's mortgage loan account.
>
> (iv) Overbroad or unduly burdensome information request. The information request is overbroad or unduly burdensome. An information request is overbroad if a borrower requests that the servicer provide an unreasonable volume of documents or information to a borrower. An information request is unduly burdensome if a diligent servicer could not respond to the information request without either exceeding the maximum time limit permitted by paragraph (d)(2) of this section or incurring costs (or dedicating resources) that would be unreasonable in light of the circumstances. To the extent a servicer can reasonably identify a valid information request in a submission that is otherwise overbroad or unduly burdensome, the servicer shall comply with the requirements of paragraph (c) and (d) of this section with respect to that requested information.

Magistrate Judge Majzoub correctly concluded that "[w]ithout the ability to review the PSA at issue, the Court is unable to conclude that Plaintiff's allegation — that Defendants unreasonably determined that the PSA is irrelevant and confidential — is implausible." *Ibid*. In order to survive a motion to dismiss, the plaintiff must allege more than a mere possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must plead enough factual enhancement to push the claim beyond what is possible, across the line into what is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 557 (2007). Determining what is plausible is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679.

Absent further development of the facts at this stage of the case, there is no basis for crediting the assertion that Rushmore was reasonable in its response to the request for information over the assertion that Rushmore was not reasonable in its response. *See Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 281 (6th Cir. 2010). Without the ability to analyze the allegations alongside the PSA's actual contents, both assertions are plausible and allow the Court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff's assertion can be construed as reasonable because "judicial experience and common sense" tells us that a document related to a person's mortgage may very well *not* be duplicative, confidential, irrelevant, overly broad or unduly burdensome. *See Livonia Prop. Holdings, LLC. v. Farmington Road Holdings, LLC.*, 399 F. App'x 97, 99 (6th Cir. 2010) (explaining that the pooling and servicing agreement "describ[ed] the interim transfers that were used to establish the Trust); *In re Smoak*, 461 B.R. 510, 515 (S.D. Ohio 2011) (explaining that a pooling and servicing agreement describes how notes, mortgages, and related loan documents are transferred between parties to a trust). Therefore, it is plausible that Rushmore was unreasonable in making its determination. To dismiss the plaintiff's request-for-information claim at the pleading stage, without reviewing the PSA, would be analogous to acquiescing in the defendants' request that the Court simply trust their assertion that Rushmore was reasonable in its determination. That trust would be misplaced here.

As evidenced by their objections, the defendants regularly conflate the obligations of a loan servicer under RESPA with those of a loan servicer under Regulation X, further lending to the inference that Rushmore was not reasonable in its determination. The defendants wrongly

contend that the requests for information under Regulation X also must be related to the servicing of the loan and that because the plaintiff requested the PSA to address the validity of the loan, Rushmore reasonably determined that the PSA was irrelevant. Again, Regulation X does not require that a request for information be related to the servicing of the loan as RESPA does. The defendants cite *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002 (N.D. Cal. 2009), to support their contention, but that case involves a QWR, not a request for information.

Although the defendants ultimately object that the magistrate judge does not need to review the PSA in order to dismiss the claim, the defendants devote several pages of their objections to reminding the Court that the PSA is not on the record because the magistrate judge denied the defendant's motion to seal. That is not exactly true. The PSA is not on the record because the defendants refused to file it, despite an order from the magistrate judge to do so.

When deciding a motion to dismiss, the court looks only to the pleadings, the documents attached to them, documents referenced in the pleadings which are integral to the claims, documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, and matters of public record. *Southfield Educ. Ass'n v. Board of Educ. of Southfield Public Schools*, No. 17-11259, 2018 WL 1509190 (E.D. Mich. Mar. 27, 2018). Judge Majzoub ordered the parties to file supplemental briefs with materials "integral to the complaint," and she determined that the PSA fell within that rubric. When the defenadnts attempted to submit that document *ex parte*, the magistrate judge properly instructed them to move to file the PSA under seal. Courts generally do not adjudicate issues based on secrete submissions. *See Silver v. Kuehbeck*, 217 F. App'x 18, 20 (2d Cir. 2007) (citing 16A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3956.1 (3d ed.

1999)). The magistrate judge then properly denied the motion to seal when the defendant failed to demonstrate a compelling reason to seal and failed to overcome the strong presumption in favor of openness as to court records. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). That ruling perhaps also speaks to the defendants' contention that the PSA is "proprietary or confidential."

The public interest in obtaining the information in the court record is multi-faceted. *Ibid.* The public may be interested in the result of litigation, the conduct of the parties that lead to litigation or the merits of the case, so as to review whether justice had been served. *Ibid.* Further, the greater the public interest, the more compelling an interest is needed to overcome the presumption against sealing. *Ibid.* The defendants' assertion, that because the PSA is not a public document and the plaintiff is not party to the underlying agreement, fails to demonstrate a compelling enough reason for which the Court should abandon the presumption against sealing.

Lastly, the defendants argue that Wilmington, as the owner of the mortgage rather than the loan servicer, cannot be subject to liability under RESPA or Regulation X. The defendants' argument ought to be disregarded as the amended complaint plainly limits its section 1024.36 allegations to Rushmore's conduct only.

This objection will be overruled.

B.

The magistrate judge recommended that the defendant's motion to dismiss the plaintiff's notice-of-assignment claims be denied because the statutory basis for Wilmington's actual damages argument is misplaced. The defendants do not quarrel with that finding and object only "to the portions of the Report denying Defendants' motions to dismiss Plaintiff's RESPA

allegations involving notice of assignment claims against Rushmore." Defs.' Obj. at 9. (R. 44). The magistrate judge did not address the defendants' arguments that the amended complaint does not allege that the *servicing* of the plaintiff's mortgage was transferred, only that the mortgage itself was transferred, thereby relieving Rushmore of its disclosure obligations under RESPA, and that TILA's notice provision, section 12 C.F.R. § 1026.39, applies only to owners of existing mortgages, not servicers. The defendants are correct and their motion to dismiss ought to be granted with respect to Rushmore on the notice-of-assignment claim.

As an initial matter, 12 C.F.R. § 1026.39 governs mortgage transfer disclosures for "covered persons," which includes any person "that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelve-month period." The provision expressly notes that "[f]or purposes of this section, a servicer of a mortgage loan *shall not be treated* as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative convenience of the servicer in servicing the obligation." 12 C.F.R. § 1026.39(a)(1) (emphasis added.). The amended complaint alleges that Rushmore is the servicer of plaintiff's loan. The plaintiff's claim against Rushmore under section 1026.39 therefore is subject to dismissal.

Under section 2605(b)(1), "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." In their motion to dismiss, the defendants reproduce paragraphs 20 through 22 of the amended complaint and argue that the plaintiff failed to allege that servicing rights were transferred to anyone other than Rushmore. In relevant part, those paragraphs allege that in April

2016, Rushmore was listed as servicer for Athene/Credit Suisse, that in May 2016, Rushmore was listed as servicer for U.S. Bank National Association, and at some other point in time, Rushmore was listed as servicer for Palisade Mortgage, U.S. Bank National Association, Athene/Credit Suisse, and Wilmington. The plaintiff alleges that these multiple assignments of her loan to new creditors triggered the notice requirements of 12 U.S.C. § 2605(b)(1) and 12 C.F.R. § 1026.39(b). The plaintiff is mistaken. Because the plaintiff has failed to allege that the *servicing* of her loan was transferred or assigned to a person other than Rushmore, the claim against Rushmore under section 2605(b)(1) is subject to dismissal.

This objection is sustained.

### III.

The magistrate judge properly concluded that the motion to dismiss should be denied, except with respect to the plaintiff's notice-of-assignment claim against defendant Rushmore Loan Management.

Accordingly, it is **ORDERED** that the defendants' objections to the report and recommendation (R. 44) are **OVERRULED IN PART**, and the magistrate judge's report and recommendation (R. 41) is **ADOPTED IN PART**.

It is further **ORDERED** that defendants' motion to dismiss the amended complaint (R. 28) is **GRANTED IN PART AND DENIED IN PART**. The plaintiff's notice-of-assignment claim is **DISMISSED** as to defendant Rushmore Loan Management **ONLY**. The motion is **DENIED** in all other respects.

It is further **ORDERED** that the defendants must file an answer to the amended complaint **on or before October 11, 2018**.

It is further **ORDERED** that the matter is again referred to Magistrate Judge Mona K. Majzoub under the previous reference order (R. 5) to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:   September 28, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 28, 2018.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---